UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| AARON RICHARD GOLUB, ESQUIRE, P.C. and AARON RICHARD GOLUB,<br><br>*Plaintiff*,<br><br>-against-<br><br>TIMOTHY BLUM and BLUM & POE, LLC,[1] NOW KNOWN AS BLUM<br><br>*Defendants*. | Case No. 1:23-cv-10102<br><br>**NOTICE OF REMOVAL**<br><br>**Removed from:**<br>Supreme Court of the State of New York, County of New York<br>Index No. 655251/2023 |

------------------------------------------------------------x

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Timothy Blum and Blum Los Angeles LLC d/b/a BLUM ("Defendants") hereby remove this action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York. In support of its Notice of Removal, Defendants state as follows:

### I.  PROCEDURAL BACKGROUND

1. On or about October 24, 2023, Plaintiffs Aaron Richard Golub, Esquire, P.C. ("ARGPC") and Aaron Richard Golub ("Mr. Golub," collectively "Plaintiffs") filed this civil action in the Supreme Court of the State of New York, New York County, Index No. 655251/2023 (the "State Court Action"). A true and correct copy of the Summons and Complaint are attached hereto as **Exhibit A**. Additionally attached are other papers filed in the State Court Action as **Exhibit B**. Exhibits A and B constitute all process, pleadings and orders filed in the State Court Action of which Defendants are aware. *See* 28 U.S.C. § 1446(b).

---

[1] Defendant "Blum & Poe LLC" was renamed to Blum Los Angeles, LLC d/b/a Blum in October 2023.

2. Defendant BLUM was served with the Summons and Complaint through the New York Secretary of State on October 27, 2023.

3. Defendant Timothy Blum was personally served with the Summons and Complaint on November 6, 2023.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days after the receipt by Defendants of a copy of the Complaint. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…").

5. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

6. Plaintiffs filed a two-count complaint for breach of contract and quantum meruit in the State Court Action. Complaint ¶¶ 25-35. Plaintiffs allege that Defendants accepted and received legal services rendered by Plaintiffs related to tax matters concerning Defendant BLUM's art gallery business. Plaintiffs contend that in December 2021, Defendant BLUM's former co-founder, Jeff Poe, acknowledged and entered into an agreement for legal services with Plaintiffs on behalf of Defendant BLUM. Plaintiffs contend that Defendants have breached the retainer agreement and owe Plaintiffs for legal services in an amount no less than $150,000.

II. **BASIS FOR REMOVAL**

**Removal is Proper Pursuant to 28 U.S.C. § 1332.**

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiffs and Defendants are citizens of different states and the amount in controversy is greater than $75,000 exclusive of interest and costs.

8. Plaintiff ARGPC is a law firm organized and located in the State of New York. Plaintiffs' Complaint alleges that ARGPC "is a professional corporation duly organized and existing under the laws of the State of New York with an office and principal place of business located at 24 East 64th Street, Fifth Floor, New York, New York 10065." Complaint ¶ 1. "Professional corporations for purposes of removal under section 1441(a) are deemed a citizen of any State by which they have been incorporated and of the State where they have their principal places of business." *Michael J. Redenburg, Esq. PC v. Midvale Indemnity Comp.*, 515 F. Supp. 3d 95 (S.D.N.Y. 2021) (cleaned up). Because ARGPC's principal place of business is located in New York, ARGPC is a citizen of New York.

9. Upon information and belief, Plaintiff Mr. Golub is a citizen of the State of New York. "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile. A person has only one domicile at any given moment. For purposes of diversity jurisdiction, the relevant domicile is the parties' domicile at the time the complaint was filed." *Van Buskirk v. United Group of Companies, Inc.*, 935 F. 3d 49 (2d Cir. 2019) (internal citations and quotations omitted) (cleaned up). Plaintiffs' Complaint alleges that Mr. Golub "is an attorney duly licensed to practice law in the City, County and State of New York and is the principal of Plaintiff ARGPC. [Mr. Golub] was and is engaged in the practice of law with an office at 24 East 64th Street, Fifth Floor, New York, New York 10065." Complaint ¶ 2. Additionally, a Martindale-Hubble search indicates Mr. Golub resides at 35 E 64th Street, Apt 4A, New York, NY 10065. *See* Martindale-Hubble Attorney Profile attached hereto as **Exhibit C**. Accordingly, Plaintiff Mr. Golub is a citizen of New York.

10. Defendant Timothy Blum is a citizen of the State of California. He is domiciled in Los Angeles County, California. Complaint ¶ 4, Tim Blum Declaration attached hereto as **Exhibit D** at ¶ 5.

11. Defendant Blum and Poe LLC was renamed to Blum Los Angeles, LLC in October 2023 and it does business as BLUM. Tim Blum Declaration ¶ 2. BLUM operates an art gallery located in Los Angeles, California. BLUM is a limited liability company with two members—MTB Arts, Inc., and The Blum Family Trust. Tim Blum Declaration ¶¶ 1, 3. Because Defendant BLUM is a limited liability company, the citizenship of each of its members is used to determine whether diversity jurisdiction exists. *See Wynston Hill Capital, LLC v. Crane*, 628 F. Supp. 3d 540 (S.D.N.Y. 2022) ("The citizenship of a limited liability company is determined by the citizenship of each of its members.").

12. MTB Arts, Inc. is a corporation and therefore, "is deemed to be a citizen both of any state where it is incorporated and the state where it has its principal place of business." *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation*, 674 F. Supp. 2d 494(S.D.N.Y. 2009). MTB Arts, Inc. is a California corporation, incorporated in 2017. Its principal place of business is also located in California. MTB Arts, Inc. is only incorporated in California and maintains a principal place of business only in California. MTB Arts, Inc. is therefore a citizen of California.

13. Defendant BLUM's other member, The Blum Family Trust is also a citizen of California. When determining the citizenship of a traditional trust for diversity purposes, "it is the citizenship of the trustees holding the legal right to sue on behalf of the trusts, not that of beneficiaries, that is relevant to jurisdiction." *Raymond Loubier Irrevocable Trust v. Loubier*, 858 F. 3d 719 (2d Cir. 2017). The Trustees of the Blum Family Trust are Defendant Timothy

Blum and his wife Maria Blum, both of whom are domiciled in Los Angeles County, California. Tim Blum Declaration ¶¶ 4, 5.

**The Amount in Controversy Requirement Has Been Met.**

14. "Section 1332(a) requires both the complete diversity of parties and an amount-in-controversy in excess of $75,000. A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Gasery v. Kalakuta Sunrise, LLC*, 422 F. Supp. 3d 807 (S.D.N.Y. 2019) (internal citation and quotations omitted). Federal courts "generally evaluate jurisdictional facts, such as the amount in controversy, on the basis of the pleadings, viewed at the time when defendant files the notice of removal." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53 (2d Cir. 2006).

15. In Plaintiffs' Complaint, they contend that Defendants' alleged breach of a retainer agreement for legal services has damaged them in an amount no less than $150,000. This claimed amount exceeds the statutory jurisdictional amount. Accordingly, Defendants have satisfied the amount in controversy requirement.

16. Additionally, pursuant to § 1441, Defendants remove this action "to the district court of the United States for the district and division embracing the place where such action is pending." Plaintiffs filed the underlying complaint in the Supreme Court for the State of New York in New York County. The United States District Court for the Southern District of New York is comprised of New York County. 28 USC § 112(b).

17. Accordingly, since Defendants are citizens of California and Plaintiffs are citizens of New York, and the amount in controversy has been met, complete diversity exists between the

parties and this Court has jurisdiction pursuant to 28 USC § 1332. Accordingly, removal is proper.

18. Pursuant to 28 USC § 1446(d), Defendants will provide written notice of removal of this action to Plaintiffs and will promptly file a copy of such notice and removal papers with the clerk of the Supreme Court of the State of New York, County of New York.

**Preservation of Rights and Defenses**

19. Defendants do not waive, and expressly reserve all defenses, objections, denials, exceptions, rights, and motions, in the filing of this removal. No statement herein or omission shall be deemed an admission by Defendants of any claims, allegations, or damages sought within Plaintiffs' underlying Complaint. Defendants further reserve the right to amend or supplement this Notice of Removal.

### III. CONCLUSION

WHEREFORE, Defendants have established that this Court has diversity subject matter jurisdiction over this action and therefore remove this action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: New York, New York
November 15, 2023

Respectfully Submitted,
*/s/Vanessa Destime*
Vanessa Destime
Angelo Labate
EISNER LLP
152 W. 57th Street, 48th Floor
New York, New York 10019
Phone: (646) 876-2600
Fax: (212) 600-5020
vdestime@eisnerlaw.com
alabate@eisnerlaw.com
*Attorneys for Defendants Timothy Blum and BLUM*

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2023, the foregoing Notice of Removal, and all exhibits thereto, were filed via this Court's electronic filing system and that copies of the same were served upon all parties via overnight mail at the address specified in Plaintiffs' Complaint:

>AARON RICHARD GOLUB, ESQUIRE, P.C.
>Nehemiah S. Glanc
>24 East 64th Street, 5th Floor
>New York, New York 10065
>nglanc@argolub.com
>(212) 838-4811
>
>*Attorneys for Plaintiffs Aaron Richard Golub, Esquire, P.C. and Aaron Richard Golub*

Dated: November 16, 2023            */s/ Vanessa Destime*
                                                                                         Vanessa Destime