UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON RICHARD GOLUB, ESQUIRE, P.C. et ano,

Plaintiffs,

-v-

TIMOTHY BLUM et ano,

Defendants.

23-cv-10102 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

On January 2, 2024, defendants, Timothy Blum and Blum & Poe, LLC, moved to dismiss the First Amended Complaint ("FAC") in its entirety. See Notice of Mot. to Dismiss the First Am. Compl., ECF No. 18. On March 4, 2024, the Court dismissed the breach of contract and account stated claims with prejudice but permitted the quantum meruit claim to proceed against the corporate defendant, Blum & Poe, LLC. See 3/4/24 Order, ECF No. 24. The Court, however, reserved ruling on whether to dismiss the quantum meruit claim against defendant, Timothy Blum, and promised a decision on that issue by March 15, 2024. Id. The Court then dismissed the quantum meruit claim against Mr. Blum by "bottom-line" order dated March 15, 2024. See 3/15/24 Order, ECF No. 26. This Opinion reconfirms that order and explains the reasons for that ruling.

**I. Plaintiff's Allegations**

In 1994, defendant, Timothy Blum, and non-party, Jeff Poe, "co-founded" defendant, Blum & Poe, LLC and served as "co-principals and/or

co-owners" of the company. FAC, ¶ 9, ECF No. 17. Defendant Blum & Poe, LLC is incorporated in California. Id. ¶ 3. In September 2018, Mr. Poe sought legal advice from plaintiff, Aaron Richard Golub, Esq., on behalf of Blum & Poe, LLC "regarding sales tax disputes with the New York State Department of Taxation and Finance," which carried a "potential sales tax liability . . . in excess of $4,700,000." Id. ¶¶ 12-13. Mr. Golub then allegedly told Mr. Poe that his firm's "legal retainer for legal services in connection with [the] New York State sales tax issues would be no less than $150,000," which Mr. Poe acknowledged. Id. ¶ 14. There are no allegations that Mr. Poe entered into a written retainer agreement with Mr. Golub for the provision of these services.

From 2018 until the sales tax issue was resolved in 2023, Mr. Golub provided legal advice to Mr. Poe and consulted with the accountant (David Lifson) and other lawyers (Art Rosen and Katie Quinn), whom Blum & Poe, LLC retained to assist in resolving their sales tax dispute with the New York State Department of Taxation and Finance. Id. ¶¶ 18-38. Throughout that same period, Mr. Golub and Mr. Poe discussed plaintiffs' legal fees, and Mr. Poe "repeatedly advised [Mr. Golub] that they would work out a reasonable fee when the [New York State tax] matters were resolved." Id. ¶¶ 39-40. Then, around "the end of August 2023 or the beginning of September 2023," Mr. Poe informed Mr. Golub that Blum & Poe, LLC "would not pay [plaintiffs'] unpaid legal fees." Id. ¶ 41. Mr. Poe then departed Blum & Poe, LLC, without informing Mr. Blum that he had agreed to pay plaintiffs' legal

fees. Id. ¶¶ 38(iii), 44. After Mr. Poe's departure from Blum & Poe, LLC, Mr. Golub called Mr. Blum and explained the legal services that plaintiffs had provided, and Mr. Blum allegedly promised to pay Mr. Golub's legal fees. Id. ¶¶ 44-45. Plaintiffs' legal fees, however, are still unpaid. Id. ¶ 47.

**II. Relevant Procedural History**

On October 24, 2023, plaintiffs, Aaron Richard Golub and Aaron Richard Golub, Esquire, P.C., sued Mr. Blum and Blum & Poe, LLC for breach of contract and quantum meruit in New York State court. See Compl., ¶¶ 25-35, ECF No. 7. On November 16, 2023, defendants removed the case to federal court, invoking this Court's diversity jurisdiction. Notice of Removal, ECF No. 1. On November 27, 2023, defendants moved to dismiss the initial complaint. See Def. Blum & Poe, LLC's Notice of Mot. to Dismiss, ECF No. 11; Def. Timothy Blum's Notice of Mot. to Dismiss, ECF No. 12. Instead of filing an opposition brief, plaintiffs amended their complaint on December 8, 2023. See FAC. On January 2, 2024, plaintiffs again moved to dismiss the FAC. Notice of Mot. to Dismiss the First Am. Compl.

On March 4, 2024, this Court entered an order dismissing the breach of contract and account stated claims with prejudice but permitted the quantum meruit claim to proceed against the corporate defendant, Blum & Poe, LLC, for the reasons stated from the bench. See 3/4/24 Order. The only remaining issue is whether the quantum meruit claim should proceed against Mr. Blum.

## III. Legal Standard

To survive a motion to dismiss for failure to state a claim, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[1] A complaint must offer more than "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). If the plaintiffs have "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. However, the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008).

## IV. Discussion

Defendants argue that the FAC fails to adequately plead a basis for alter ego liability and therefore the claims must be dismissed against Mr. Blum. Because the only remaining claim is for quantum meruit, the Court will only address whether the FAC has adequately pled that claim against Mr. Blum.

"Under New York law, to plead a *quantum meruit* claim, a plaintiff must allege (1) the performance of services in good faith, (2) the

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

acceptance of the services by the person to whom they were rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services allegedly rendered." Alkholi v. Macklowe, 858 F. App'x 388, 392 n.3 (2d Cir. 2021). The Court has already held that the FAC adequately pleads a quantum meruit claim against the corporate defendant, Blum & Poe, LLC. However, as against Mr. Blum, the FAC never alleges that Mr. Blum personally requested or accepted the legal services from plaintiffs. In fact, the FAC alleges that Mr. Blum was completely unaware that Mr. Poe had requested Mr. Golub's legal services on behalf of the corporate defendant, Blum & Poe, LLC. See FAC, ¶ 38(iii). Accordingly, to hold Mr. Blum personally liable for the corporate defendant's potential liability to plaintiffs, plaintiffs must adequately allege that corporate veil piercing (i.e., alter ego liability) is appropriate. See, e.g., Schwartz v. Sensei, LLC, 17-CV-04124, 2020 WL 5817010, at *11 (S.D.N.Y. Sept. 30, 2020); Alkholi v. Macklowe, No. 17 Civ. 16, 2017 WL 6804076, at *3-*4 (S.D.N.Y. Dec. 22, 2017); Lewis & Clarkson v. Oct. Mountain Broad. Co., 520 N.Y.S.2d 258, 260 (3d Dep't 1987); Westbury Recycling, Inc. v. Westbury Transfer & Recycling, LLC, 177 N.Y.S.3d 101, 104-05 (2d Dep't 2022).

The Court must therefore determine whether the FAC has adequately alleged a basis for corporate veil piercing. This presents a threshold question: which state's law governs whether corporate veil piercing should be applied in this case? Here, the answer is straightforward: California. "Under New York choice-of-law principles, the issue of

whether the corporate veil may be pierced is determined under the law of the state of incorporation," and here, Blum & Poe, LLC is incorporated in California. In re Digit. Music Antitrust Litig., 812 F. Supp. 2d 390, 418 (S.D.N.Y. 2011); FAC, ¶ 3. See also Tayyib Bosque, Corp. v. Emily Realty, LLC, 813 F. App'x 628, 630 (2d Cir. 2020); Fletcher v. Atex, Inc., 68 F.3d 1451, 1456 (2d Cir. 1995); Sweeney, Cohn, Stahl & Vaccaro v. Kane, 773 N.Y.S.2d 420, 423 (2d Dep't 2004).

Plaintiffs, in urging that New York law should apply, fundamentally misunderstand the relevant relationship that is driving the choice of law issue. Plaintiffs contend that the relevant relationship here is "between the New York Plaintiffs providing legal advice, services and counsel to a California entity charged with a multi-million dollar New York sales tax liability," "not the relationship between [Blum & Poe, LLC] and [Mr. Blum]." Pls. Mem. of Law in Opp'n to Defs. Mot. to Dismiss ("Pls. Opp'n"), at 29-30, ECF No. 21. To be sure, the relationship between plaintiffs and the corporate defendants is relevant for determining the law that governs the quantum meruit and breach of contract claims, and on those claims, defendants appear to agree with plaintiffs' conclusion that New York law applies. However, for purposes of holding Mr. Blum individually liable for a debt incurred by the corporate defendant, the relevant question is whether the corporate veil should be pierced, which is entirely driven by the relationship between Mr. Blum and Blum & Poe, LLC, which is determined by California law.

Under California law, "[t]wo requirements must be met to invoke the alter ego doctrine: (1) there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and shareholder do not in reality exist; and (2) there must be an inequitable result if the acts in question are treated as those of the corporation alone." Clear Connection Corp. v. Comcast Cable Commc'ns Mgmt., LLC, 501 F. Supp. 3d 886, 896 (E.D. Cal. 2020). "[A] plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each" "to survive a motion to dismiss." Gerritsen v. Warner Bros. Ent. Inc., 116 F. Supp. 3d 1104, 1140-41 (C.D. Cal. 2015). Here, the only allegations in the FAC pertaining to alter ego are: "Upon information and belief, [Timothy Blum] abused and continues to abuse the corporate form by dominating and controlling the affairs and assets of [the corporate defendant], freely transferring funds between [the corporate defendant] and [himself]," and that "Defendants [Timothy Blum] and [Blum & Poe, LLC] were and are alter egos of each other." FAC, ¶ 4.[2] These are entirely conclusory and insufficient.

---

[2] Plaintiffs appear to believe Mr. Blum's personal liability for Blum & Poe LLC's sales tax liability to New York State means that he should be personally liable for plaintiffs' claim for unpaid legal fees. Plaintiffs' position reflects a fundamental misunderstanding of the legal basis for imposing personal liability on an individual shareholder for the acts and debts of a corporate defendant. While it may be true that Mr. Blum is personally liable for the corporate defendant's taxes by function of New York State tax law, Mr. Blum is not personally liable for what the corporate defendant owes to plaintiffs on a quantum meruit claim unless the corporate veil is pierced. Plaintiffs' argument is thus completely irrelevant to the present issue.

Indeed, in their opposition brief to the instant motion, plaintiffs did not even attempt to argue that the FAC adequately alleges a basis for corporate veil piercing. See Pls. Opp'n at 29-30. Moreover, even assuming arguendo that the allegation that Mr. Blum "freely transfer[s] funds between [the corporate defendant] and [himself]" were sufficient to adequately allege the first element of corporate veil piercing, nowhere does the FAC allege that there would be an inequitable result if the Court does not pierce the corporate veil. The FAC thus inadequately pleads a basis for alter ego liability.[3] Gerritsen, 116 F. Supp. 3d at 1143-46. Accordingly, the Court dismisses the quantum meruit claim against Mr. Blum.

The only remaining question is whether plaintiffs should be granted leave to amend their complaint to add allegations related to

---

[3] Even if New York law applied (as plaintiffs contend), the FAC would still inadequately plead a basis for corporate veil piercing. "[I]n order to properly plead an alter-ego theory under New York law, a plaintiff must establish two elements: (1) complete control and domination by the parent company; and (2) that this domination was used to perpetrate a fraud or wrong upon the plaintiff." Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc., 170 F.R.D. 361, 375 (S.D.N.Y. 1997). See also MAG Portfolio Consult, GMBH v. Merlin Biomed Grp. LLC, 268 F.3d 58, 63 (2d Cir. 2001). The second element requires that "[t]he alleged wrongdoing must have resulted in the plaintiff's injury," so when "the challenged complaint lacks this causative element, . . . it should result in the dismissal of the corporate veil-piercing allegation." Tommy Lee Handbags Mfg. Ltd. v. 1948 Corp., 971 F. Supp. 2d 368, 376 (S.D.N.Y. 2013). Here, the FAC does not adequately allege the second element of corporate veil piercing. The FAC does not allege that a wrong or fraud was perpetrated against plaintiffs, let alone that the alleged domination (i.e., the purported transferring of funds between Mr. Blum and the corporate defendant) caused plaintiffs any injury. Accordingly, the quantum meruit claim would still have to be dismissed against Mr. Blum under New York law.

corporate veil piercing. "Although Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint shall be freely given when justice so requires, . . . it is within the sound discretion of the district court whether to grant or deny leave to amend." Schvimmer v. Off. of Ct. Admin., 857 F. App'x 668, 671 (2d Cir. 2021). The Court may deny leave to amend if it determines amendment would be futile or there has been a "repeated failure to cure deficiencies by amendments previously allowed." United States ex rel. Ladas v. Exelis, Inc., 824 F.3d 16, 28 (2d Cir. 2016). See also in re Tribune Co. Fraudulent Conv. Litig., 10 F.4th 147, 175 (2d Cir. 2021).

Here, plaintiffs were put on notice of the deficiencies with their initial complaint in defendants' first motion to dismiss but utterly failed to correct those deficiencies when plaintiffs filed their amended complaint. See Def. Timothy Blum's Mem. of Law in Supp. of Mot. to Dismiss, at 7-11, ECF No. 12. Accordingly, the Court denies leave to amend and dismisses the quantum meruit claim against Mr. Blum with prejudice. See Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n, 898 F.3d 243, 257 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first."); Exelis, 824 F.3d at 28-29 (affirming district court's denial of leave to amend when the plaintiff's amended complaint did not fix the deficiencies that the plaintiff was "fully aware of").

## V. **Conclusion**

For the reasons explained above, the quantum meruit claim against Mr. Blum is dismissed with prejudice.

New York, NY
March 31, 2024

JED S. RAKOFF, U.S.D.J.